IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| JAMES ELLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-2767 |
| | ) | |
| SHELBY COUNTY GOVERNMENT, LAND | ) | |
| BANK DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff James Ellis ("Ellis") brings this action against
Defendant Shelby County Government, Land Bank Department,
("Shelby County") for retaliatory treatment in violation of
Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e,
et seq. Ellis filed his Complaint on October 25, 2010. (ECF
No. 1.) Shelby County moved for summary judgment on February
20, 2012. (Mot. for Summ. J., ECF No. 21.) Ellis responded on
July 27, 2012. (Pl.'s Resp., ECF No. 44.) For the following
reasons, Shelby County's Motion for Summary Judgment is GRANTED.

I. Background

Ellis is an African American employee of the Shelby County
Public Works Division in Memphis, Tennessee. (Def.'s Amended
Statement of Undisputed Material Facts ("Def.'s Undisputed
Facts") ¶ 1, ECF No. 26.) Ellis has been a Shelby County

employee since 1991. (Id. ¶ 2.)  He and three of his subordinate employees were terminated on April 11, 2003, for allegedly falsifying documents.  (Id. ¶ 8.)  On May 22, 2003, Ellis filed an Equal Employment Opportunity Commission ("EEOC") complaint, alleging discrimination on the basis of his sex and race.  (EEOC Charge No. 250-2003-01477, ECF No. 21-5.)  Ellis received a notice of right-to-sue on May 27, 2003, but did not bring suit against Shelby County on allegations of race or sex discrimination.  (Def.'s Undisputed Facts ¶ 10.)  He appealed his termination to the Shelby County Civil Service Merit Protection Board and then to the Tennessee Circuit Court, which reversed the termination and ordered Shelby County to reinstate him.  (Id. ¶¶ 11-12, 14.)

Ellis contends that, after he returned to work on September 18, 2006, he was subjected to retaliatory treatment by Shelby County because he had filed the EEOC complaint.  (Compl. ¶ 27, ECF No.1)  Ellis alleges that he was reinstated in the position of "Supervisor C" but, unlike all other C-grade supervisors, he was only assigned to supervise inmates.  (Id. ¶ 8.)  He alleges that, although he had a badge identifying him as a Supervisor C, he was evaluated as a Maintenance Helper in 2006 and as a Landscape Foreman in 2007.  He alleges that both evaluations were good.  (Id. ¶¶ 9-10.)  Ellis alleges that all Supervisor C positions were reclassified as Supervisor B positions, but that

he was denied the higher pay to which he was entitled. (Id. ¶ 11.) He alleges that, when he asked Shelby County Human Resources about the discrepancy, he was told that he had fallen through the cracks. (Id. ¶ 12.)

On May 8, 2009, Ellis filed a County Equal Opportunity Compliance charge of discrimination based on his compensation. (Shelby County EOC Complaint, ECF No. 21-6.) On May 8, 2009, Ellis also filed an EEOC complaint alleging that his pay below grade level was retaliatory. (EEOC Charge 490-2009-01824, ECF No. 21-5.) On January 12, 2010, he amended the EEOC complaint to include further allegations of retaliation. (Id.) Ellis alleges that on June 30, 2009, he received a poor performance evaluation stating that he experienced a large number of equipment failures, which increased costs and lost time. (Compl. ¶ 14.)

Ellis attempted to negotiate a settlement with Shelby County for retroactive pay and designation of supervisory functions, but a settlement was never adopted. (EOC Negotiated Settlement, ECF No. 21-7; Def.'s Undisputed Facts ¶ 38.) Although the negotiations failed, Shelby County paid Ellis the deficiency for the period between November 7, 2007, and November 15, 2009, when he was officially elevated to Supervisor B. (Def.'s Undisputed Facts ¶¶ 36-38.)

On March 10, 2010, Ellis engaged in a verbal dispute and physical altercation with a Shelby County contractor at the Metro Tire Recycling Center. (Id. ¶ 53.) On March 16, 2010, Ellis received a written reprimand from Shelby County. (Written Reprimand – Acts of Misconduct, ECF No. 21-6) Ellis filed a grievance contesting the written reprimand. He alleges that the reprimand was retaliatory and that Shelby County ignored evidence on appeal that he was acting in self-defense. (Compl. ¶ 20.) Ellis alleges that he was forced to vacate his office on March 26, 2010. (Id. ¶ 19.)

On August 5, 2010, Ellis received a Notice of Proposed Major Discipline for misuse of county property. (Notice of Proposed Major Discipline, ECF No. 21-6.) The Notice stated that Ellis had used Shelby County employees and inmates to perform clean up work at his church during work hours on July 16, 2010. (Id.) Ellis contested the proposed discipline at a Loudermill Hearing. (See Loudermill Responses, ECF No. 33-24.) Ellis alleges that Shelby County ignored his evidence that he had paid a contractor to do the work in question and that a verbal warning was added to Ellis' personnel file. (Compl. ¶22.)

On August 20, 2010, Ellis filed a third EEOC complaint, alleging that his March 16, 2010 reprimand and his August 5, 2010 Notice of Proposed Major Discipline were motivated by retaliation for filing his previous complaints of discrimination

and retaliation. (EEOC Charge 490-2010-02634, ECF No. 21-5.)
Ellis' third EEOC complaint alleges that, although he was
disciplined for engaging in the physical altercation in March
and for allegedly directing Shelby County employees to work on
his church in July, the other employees involved in both
incidents were not disciplined. (Id.) Ellis' Complaint in the
instant action does not allege that the other participant in the
physical altercation was a Shelby County employee who was not
disciplined.

Ellis alleges that on October 11, 2010, he was informed that
he would be assigned to a twelve-week lawn cutting detail and
that he would be under a microscope during that time. (Compl. ¶
23.) Ellis alleges that he was given a poor performance
evaluation on October 15, 2010, for failing to exercise his
supervisory functions. (Id. ¶ 25.) He alleges that he was
assigned to supervise the work of all of the Land Bank crews one
day a week and that it was impossible to accomplish that
assignment adequately. (Id. ¶¶ 25-26.)

Ellis contends that Shelby County has engaged in retaliation
since he filed his 2003 EEOC complaint. Shelby County contends
that none of the alleged adverse employment actions was
motivated by retaliation. It moves for summary judgment on all
of Ellis' claims.

**II. Jurisdiction**

District Courts have jurisdiction over actions brought under Title VII. 42 U.S.C. § 2000e-5(f)(3). The action "may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." Id. However, "'[f]ederal courts do not have subject matter jurisdiction of Title VII claims unless the claimant explicitly files the claim in an EEOC charge or the claim can reasonably be expected to grow out of the EEOC charge.'" Jones v. Sumser Retirement Village, 209 F.3d 851, 853 (6th Cir. 2000) (quoting Abeita v. Transamerica Mailings, Inc., 159 F.3d 246, 254 (6th Cir. 1998)). Although "retaliation claims are often excepted from the exhaustion requirement when they arise after an EEOC charge is filed, retaliation claims based on conduct that preceded the charge must be included in that charge." Taylor v. Donahoe, 452 Fed. Appx. 614, 617 (6th Cir. 2011).

Ellis filed two complaints with the EEOC alleging retaliation against him for his previous exercise of Title VII remedial procedures. (EEOC Dismissal and Notice of Rights, ECF No. 21-5.) Both were terminated by the EEOC on a finding of insufficient information to establish violations. (Id.) The parties agree that Ellis was not able to reach a satisfactory outcome in negotiations through the Shelby County Equal Opportunity Compliance Board. (Def.'s Undisputed Facts ¶ 38.) Ellis alleges two specific incidents of retaliation after the

6

filing of his third EEOC complaint and before the filing of this suit. (Compl.) Ellis has exhausted his administrative remedies. The Court has jurisdiction to consider his claims of retaliation to the extent they were presented to the EEOC or are alleged to have arisen after his third EEOC complaint. Taylor, 452 Fed. Appx. at 617.

Shelby County has submitted to the personal jurisdiction of the Court. (See Answer, ECF No. 9.) Venue is proper in this Court under 42 U.S.C. § 2000e-5 because the alleged violations occurred in this judicial district.

### III. Standard of Review

Under Federal Rule of Civil Procedure 56, on motion of a party, the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by pointing out to the court that the non-moving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his case. See Fed. R. Civ. P. 56(c)(1); Asbury v. Teodosio, 412 F. Appx. 786, 791 (6th Cir. 2011) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

When confronted with a properly supported motion for summary judgment, the non-moving party must set forth specific facts showing that there is a genuine dispute for trial. See Fed. R.

Civ. P. 56(c). A genuine dispute for trial exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>See</u> <u>Wasek v. Arrow Energy Servs.</u>, 682 F.3d 463, 467 (6th Cir. 2012) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986)). The non-moving party must "'do more than simply show that there is some metaphysical doubt as to the material facts.'" <u>Phelps v. State Farm Mut. Auto. Ins. Co.</u>, 680 F.3d 725, 735 (6th Cir. 2012) (quoting <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986)). A party may not oppose a properly supported summary judgment motion by mere reliance on the pleadings. <u>See</u> <u>Beckett v. Ford</u>, 384 Fed. Appx. 435, 443 (6th Cir. 2010) (citing <u>Celotex Corp.</u>, 477 U.S. at 324). Instead, the non-moving party "must adduce concrete evidence on which a reasonable juror could return a verdict in his favor." <u>Stalbosky v. Belew</u>, 205 F.3d 890, 895 (6th Cir. 2000) (citations omitted); <u>see</u> Fed. R. Civ. P. 56(c)(1). The court does not have the duty to search the record for such evidence. <u>See</u> Fed. R. Civ. P. 56(c)(3); <u>InterRoyal Corp. v. Sponseller</u>, 889 F.2d 108, 111 (6th Cir. 1989). The non-moving party has the duty to point out specific evidence in the record that would be sufficient to justify a jury decision in his favor. <u>See</u> Fed. R. Civ. P. 56(c)(1); <u>InterRoyal Corp.</u>, 889 F.2d at 111.

Although summary judgment must be used carefully, it "is an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy, and inexpensive determination of every action[,] rather than a disfavored procedural shortcut." FDIC v. Jeff Miller Stables, 573 F.3d 289, 294 (6th Cir. 2009) (internal quotation marks and citations omitted).

**IV.  Analysis**

Title VII makes it an "unlawful employment practice for an employer to discriminate against any of his employees...because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a).  This anti-retaliation provision "does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace." Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 57 (2006).  The provision covers employer actions that are "materially adverse to a reasonable employee" because they are "harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Id.

The Court has jurisdiction to consider the alleged retaliatory actions of Shelby County to the extent Ellis

included them in his EEOC complaints or they occurred after the filing of those complaints. See Taylor, 452 Fed. Appx. at 617. Therefore, the Court may consider: (1) Ellis' allegation that he was compensated below his designated pay grade for the period between his reinstatement and November 1, 2009; (2) Ellis' allegation that Shelby County prevented him from performing the job functions associated with his title and grade; (3) Ellis' allegation that he received a written reprimand and other discipline as a result of a physical altercation with a Shelby County contractor and that Shelby County ignored evidence that he was acting in self-defense; (4) Ellis' allegation that he was subject to major discipline for misappropriation of county property although his subordinate was not; (5) Ellis' allegation that he was assigned to non-supervisory duties and was subject to increased scrutiny; and (6) Ellis' allegation that he received a low performance evaluation for failure to supervise. (See Ellis EEOC CHG 490-2009-01824 and Ellis EEOC CHG 490-2010-02634, ECF No. 21-5; Compl., ECF No. 1.)

## A. Direct Evidence

A plaintiff employee may prove retaliation through direct evidence or, if he cannot, by establishing a prima facie case with circumstantial evidence. DiCarlo v. Potter, 358 F.3d 408, 420 (6th Cir. 2003). In retaliation cases, as in discrimination cases, "'direct evidence is that evidence which, if believed,

require[s] the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions.'" Cleveland v. Southern Disposal Waste Connections, No. 11-5228, 2012 U.S. App. LEXIS 16806, at *18 (6th Cir. Aug. 9, 2012) (quoting Laderach v. U-Haul of Nw. Ohio, 207 F.3d 825, 829 (6th Cir. 2000)). "Direct evidence does not require the fact finder to make 'any inferences or presumptions.'" Id.

Ellis does not present direct evidence. His evidence does not allow the Court to find, without inferences or presumptions, that Shelby County's actions were motivated in whole or in part by unlawful discrimination.

## B. Circumstantial Evidence

Where the "plaintiff fails to present direct evidence of discrimination, the burden shifting framework first articulated in McDonnell Douglas Corp. v. Green, 450 U.S. 248...applies." Gulley v. County of Oakland, 2012 FED App. 0950N, at *9 (6th Cir. Aug. 27, 2012). The plaintiff must establish a prima facie case of discrimination; if he does, the defendant may offer any legitimate, non-discriminatory reason for the employment action, which the plaintiff may rebut by evidence of pretext. Id. The burden of proof always remains with the plaintiff. Id.

"To establish a prima facie case of retaliation, a plaintiff must show that '(1) [he] engaged in Title VII-protected activity; (2) [Defendant] knew that [he] engaged in the

protected activity; (3) [Defendant] subsequently took an adverse employment action against [Plaintiff]; and (4) the adverse action was causally connected to the protected activity.'" Newton v. Ohio Dep't of Rehab. & Correction-Toledo Corr. Inst., No. 11-3681, 2012 U.S. App. LEXIS 18048, *23 (6th Cir. Aug. 23, 2012) (quoting Upshaw v. Ford Motor Co., 576 F.3d 576, 588 (6th Cir. 2009)).

"'To establish the causal connection required in the fourth prong, a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not filed a discrimination action.'" Hicks v. SSP Am., Inc., No. 10-4156, 2012 U.S. App. LEXIS 16233, at *13 (6th Cir. Aug. 3, 2012) (quoting Nguyen v. City of Cleveland, 229 F.3d 559, 563 (6th Cir. 2000)). Although "'no one factor is dispositive in establishing a causal connection,'" courts typically consider factors such as past job performance, temporal proximity of the adverse employment action to the employee's participation in protected activity, increased scrutiny on the employee after participation in protected activity, and the employer's knowledge of the employee's participation in protected activity. Id. Evidence "'that defendant treated the plaintiff differently from similarly situated employees...is [also] relevant to causation.'" Id.

The "'burden of establishing a prima facie case in a retaliation action is not onerous, but one easily met.'" DiCarlo, 358 F.3d at 420 (quoting Nguyen, 229 F.3d at 563). Once a prima facie case has been established, "'the burden of producing some non-discriminatory reason falls upon the defendant.'" Id. (quoting Williams v. Nashville Network, 132 F.3d 1123, 1131 (6th Cir. 1997)). If the defendant demonstrates such a reason, "'the plaintiff then assumes the burden of showing that the reasons given by the defendant were a pretext for retaliation.'" Id.

### 1. Ellis' Prima Facie Case of Retaliation

Ellis has satisfied the first three prongs of a prima facie case on all of his allegations of retaliatory conduct. Ellis filed an EEOC complaint for race and sex discrimination under Title VII, a protected action. (EEOC Charge No. 250-2003-01477, ECF No. 21-5.) Although Shelby County contends that it did not know about the first complaint, the evidence presented with its Motion for Summary Judgment demonstrates that it did. (See Mem. in Supp. of Def.'s Mot. for Summ. J., ECF No. 21-2.) Shelby County has submitted the Unsworn Statement Under Penalty of Perjury of Administrator of Human Resources Michael Lewis ("Lewis Statement"). (ECF No. 21-3.) When deciding a Motion for Summary Judgment, the Court may rely on unsworn declarations instead of sworn affidavits under 28 U.S.C. § 1764 if "those

declarations are made under penalty of perjury, certified as true and correct, dated, and signed." <u>Worthy v. Mich. Bell Tel. Co.</u>, 472 Fed. Appx. 342, 343 (6th Cir. 2012). Lewis states that he has personal knowledge of all three of Ellis' EEOC complaints because they are maintained in the official records of the Shelby County Human Resources Department. (<u>See</u> Lewis Statement ¶¶ 1, 4, 17, 24-28.) Shelby County cannot maintain that it did not know of Ellis' protected action.

Shelby County's actions all fall under the broad umbrella of adverse employment actions because, if they were in fact motivated by a retaliatory purpose, they were sufficiently harmful that they "could well dissuade a reasonable worker from making or supporting a charge of discrimination." <u>Burlington Northern</u>, 548 U.S. at 57.

Ellis cannot satisfy the causal element of the prima facie inquiry for any of his allegations. Although the bar for establishing a prima facie case of retaliation is low, Ellis has presented no evidence that the adverse employment actions he alleges are causally related to his 2003 or his subsequent EEOC complaints. The Court may consider a number of factors when determining causation, but temporal proximity is the strongest indicator. Cases in several circuits "accept mere temporal proximity between an employer's knowledge of protected activity and an adverse employment action as sufficient evidence of

causality to establish a prima facie case." <u>Clark County Sch.</u>
<u>Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001).  However, those
cases "uniformly hold that the temporal proximity must be very
close." <u>Id.</u> (internal citations omitted).  The Supreme Court
concluded that "[a]ction taken...20 months later suggests, by
itself, no causality at all." <u>Id.</u> at 274.  In Ellis' case, the
earliest of the adverse employment actions that he alleges
occurred more than three years after he filed, and Shelby County
became aware of, his first EEOC complaint.  (Def.'s Undisputed
Facts ¶ 14.)  The adverse employment actions that Ellis alleges
occurred after he filed his second EEOC complaint in 2009 are
also too remote to imply a retaliatory motive.  Ellis filed his
second complaint on May 8, 2009.  In his third EEOC complaint,
he alleges that the adverse actions occurred on March 16, 2010,
and August 5, 2010, respectively.  (EEOC Charge 490-2010-02634,
ECF No. 21-5.)  Courts that allow temporal proximity alone to
establish causation have concluded that a delay of even three or
four months between employer discovery of the protected activity
and the adverse employment action is too long to allow an
inference of causation without more proof.  See <u>Richmond v.</u>
<u>ONEOK</u>, Inc., 120 F.3d 205, 209 (10th Cir. 1997) (three-month
delay cannot establish causal connection); <u>Hughes v. Derwinski</u>,
967 F.2d 1168, 1174 (7th Cir. 1992) (four-month delay cannot
establish causal connection).

Ellis alleges two incidents of retaliation after his third EEOC complaint. He filed that complaint on August 20, 2010, and alleges that the incidents occurred on October 11, 2010, and October 15, 2010, respectively. The delay of nearly two months is too long to allow an inference of causation without more proof.

Even if the Court were to ignore the delays between Ellis' EEOC complaints and the alleged adverse employment actions, he does not adduce sufficient facts to establish a genuine dispute about causation. In the Sixth Circuit, "temporal proximity alone is usually insufficient to constitute evidence that would prove that an employer retaliated." Riddle v. First Tennessee Bank, No. 11-6277, 2012 U.S. App. LEXIS 18684, at *21 (6th Cir. Aug. 31, 2012). Ellis has not presented any other evidence to support an inference that Shelby County's alleged adverse employment actions were causally related to his protected actions. Ellis does not present any evidence that any person representing Shelby County ever said, wrote, or implied to him in any way that the adverse employment actions he alleges were related to his EEOC complaints.

Ellis does not cite any evidence to suggest that he was intentionally paid below the level of what he believed to be similarly situated employees. In fact, Ellis alleges in his Complaint that he "was told that he had simply fallen through

the cracks," and that "on November 15, 2009, [his] retroactive pay was simply included in his payroll check by [Shelby County]." (Compl. ¶¶ 12, 16.) Nor does Ellis present any proof that Shelby County prevented him from performing the duties of a supervisor in retaliation for his 2003 EEOC complaint. Ellis argues that, unlike others in the Supervisor C position, he was assigned to supervise only inmates. (Id. ¶ 8.) However he does not deny that he was given supervisory authority and that other Supervisor Cs were also required to supervise inmates. (Id.) Ellis also states that he was evaluated as a Maintenance Helper in 2006 and a Landscape Foreman in 2007, and not as a Supervisor C, although he continued to believe that was his position. (Id. ¶¶ 9-10.)

Ellis does not present any evidence that the written reprimand he received for engaging in a physical altercation with a Shelby County contractor was motivated by retaliation. Ellis alleges that he was acting in self-defense and that Shelby County ignored evidence that the contractor was aggressive and violent when it considered Ellis' appeal of the reprimand. (Id. ¶ 20.) However, Ellis does not deny that he engaged in a physical altercation while at work and does not claim that other employees who had engaged in physical altercations at work were not reprimanded.

Ellis does not present any evidence that the Notice of Proposed Major Discipline he received for instructing Shelby County employees to do clean up work at his church was motivated by retaliation. Ellis claims that he received a warning letter, but that the employee who reported the incident did not. Ellis does not present evidence or argue that he, the supervisor, and the employee, his subordinate, were similarly situated. (Id. ¶ 21.) Ellis also claims that Shelby County ignored evidence that he had previously paid a private contractor to do the clean up work that it alleged the employees had done. (Id. ¶ 22.) Ellis received a mere verbal warning from Shelby County rather than the proposed major discipline of which he was notified. (Id.)

Ellis presents no evidence that he was actually assigned to non-supervisory duties or subjected to increased scrutiny as a result of Shelby County's October 11, 2010 email stating that he would be assigned to a twelve-week lawn cutting detail and that he would be "under a microscope". (Id. ¶ 23.) Even if Ellis had presented such evidence, he presents no evidence that the assignment and increased scrutiny were motivated by retaliation for his EEOC complaints and not by concern over his two recent incidents of serious discipline.

Ellis does not present any evidence that his poor performance evaluation for failing to exercise his supervisory function was motivated by retaliation. Ellis alleges that he

was the only supervisor instructed to supervise the work of other inmate crews one day a week instead of picking up his own. (Id. ¶ 25.)  He alleges that it was impossible to supervise the work of all of the crews in one day adequately.  (Id. ¶ 26.) Ellis does not allege any facts that imply that he was assigned this supervisory function as retaliation.  His allegation that he was given extra responsibility is in conflict with his allegation that he was consistently denied the opportunity to perform his supervisory functions.  Ellis admits that he did in fact fail to supervise the work crews adequately.  His contention that his low evaluation was motivated by retaliation rather than his performance cannot be maintained.  (See Id.)

Ellis presents no credible evidence that the alleged adverse employment actions that Shelby County took against him were causally related to the exercise of his Title VII rights. He has failed to state a prima facie case and, therefore, cannot raise a genuine dispute of material fact.

### 2. Shelby County's Legitimate, Nondiscriminatory Reasons

Even if Ellis had satisfied the requirements of a prima facie retaliation claim, Shelby County has offered legitimate, non-discriminatory reasons for its actions.[1]

---

[1] Neither Ellis nor Shelby County addresses Ellis' allegation that he received a low performance review for failure to supervise.  Although Shelby County has not submitted a legitimate, nondiscriminatory reason for its action, because Ellis has failed to establish a prima facie case of retaliation as to

Once a prima facie case has been established, "'the burden of producing some non-discriminatory reason falls upon the defendant.'" DiCarlo, 358 F.3d at 420 (quoting Williams, 132 F.3d at 1131). The burden of production is not high; the plaintiff has the "burden [of] rebutting any legitimate, nondiscriminatory reason[] which may be offered by the defendant for its employment actions." Ensley-Gaines v. Runyon, 100 F.3d 1220, 1226 (6th Cir. 1996).

### a. Pay Below Grade Level

Ellis alleges that he was paid below his pay grade from the time his employment was reinstated until November 1, 2009, in retaliation for filing his EEOC complaint. Shelby County states that Ellis was not paid at the level to which he claims entitlement between his reinstatement and November 1, 2007, because he was not actually employed under the title and grade alleged and was not entitled to higher pay. (Lewis Statement ¶ 13; Employee Profile January 26, 2007, ECF No. 21-8; Performance appraisal Dec. 2006, ECF No. 21-8.) Shelby County states that Ellis was not paid at the higher level after November 1, 2007, because of a filing error that the County corrected on November 1, 2009, at which time Shelby County also provided Ellis with back pay. (Unsworn Statement of George T. Moss Under Penalty of

_____

any of the alleged adverse employment actions, the burden has not shifted, and the Court need not address the allegation.

Perjury ("Moss Statement") ¶ 6, ECF No. 21-3.)  Shelby County
states that the email on which Ellis relies to make his claim
that he was entitled to pay at the higher level before November
1, 2007, was erroneous.  (Id. ¶ 7.)

### b. Job Functions

Ellis alleges that Shelby County prevented him from
performing the job functions associated with his title and
grade.  It is not clear what functions Ellis believes he was
entitled to perform.  He states that he was assigned to
supervise only inmates and that he "remained a supervisor, but
was systematically denied the authority of that title."  (Pl.'s
Resp. ¶¶ 15(d), 16, 20(b).)  Shelby County states that Ellis was
reinstated as a messenger in October 2006, not as a supervisor,
because there were no open supervisor positions.  (Moss
Statement ¶ 3.)  Shelby County states that Ellis was classified
as a landscape foreman and not as a supervisor from April 2007
until November 1, 2007.  (Id. ¶ 4.)  Shelby County states that
after November 1, 2007, Ellis performed the duties of a
supervisor.  (Id. ¶ 6.)

### c. Reprimand for Physical Altercation

Ellis alleges that he was given a written reprimand for
engaging in a physical altercation with a contractor while at
work and that Shelby County ignored the evidence he presented on
appeal that the contractor was aggressive to support Ellis'

claim that he acted in self-defense.  Shelby County states, and

Ellis does not dispute, that Ellis engaged in a physical

altercation while performing his job.  (Def.'s Undisputed Facts

¶¶ 53-54.)  Ellis filed a grievance challenging the written

reprimand, which Shelby County denied.  (Id. ¶ 55.)  Shelby

County states that it denied Ellis' objection to the reprimand

because as a supervisor Ellis must be professional at all times

and his confrontational and disruptive behavior was

inappropriate regardless of the situation.  (Land Bank Grievance

Hearing Response, ECF No. 21-6.)

### d. Misappropriation of County Property

Ellis alleges that he was given a Notice of Proposed Major

Discipline and a verbal warning for instructing Shelby County

employees and inmates under his supervision to clean up debris

at his church, although an employee who had participated in the

clean up was not reprimanded.  Shelby County states that it had

a report and a signed statement from a Shelby County employee,

Harold Jones ("Jones"), stating that Ellis had instructed Jones

and others to clean up the debris.  (Written Statement of Harold

Jones July 22, 2010, ECF No. 21-6.)  Shelby County states, and

Ellis does not dispute, that Jones did work at Ellis' church

during work hours.  (Def.'s Undisputed Facts ¶ 63.)  Shelby

County states that Jones, who is under Ellis' supervision,

received a verbal warning identical to the warning Ellis recieved.  (Moss Statement ¶ 26.)

### e. Non-supervisory Duties and Increased Scrutiny

Ellis alleges that he was assigned to non-supervisory duties and was subject to increased scrutiny while performing his duties.  Ellis alleges that he was given a twelve-week lawn cutting detail and told he would be "under a microscope" during that period.  Shelby County states, and Ellis does not dispute, that he was never actually given that assignment.  (Def.'s Undisputed Facts ¶ 69-70.)  Shelby County also states, and Ellis does not dispute, that Ellis was offered a supervisory position at the Shelby County Cemetery in May 2011, but that he did not accept that position.  (Id. ¶ 73.)

### 3. Pretext

When a defendant employer articulates legitimate, nondiscriminatory reasons for its adverse employment actions, the burden "shifts to the plaintiff to establish pretext." Rodriguez-Monguio v. Ohio State Univ., No. 11-3185, 2012 U.S. App. LEXIS 18895, at *25 (6th Cir. Sept. 7, 2012).  The plaintiff employee must "produce evidence that either the proffered reason (1) had no basis in fact, (2) did not actually motivate the adverse employment action, or (3) was insufficient to warrant the adverse action."  Id.  Ellis has produced no evidence to suggest that any of Shelby County's proffered

reasons for the adverse employment actions were pretextual.  He has pointed to no evidence in the record on which a reasonable jury could return a verdict in his favor.  Ellis has failed to show that there is a genuine dispute for trial. Shelby County is entitled to judgment as a matter of law on all of Ellis' retaliation claims.

**V.    Conclusion**

For the foregoing reasons, Shelby County's Motion for Summary Judgment is GRANTED.


So ordered this 30th day of September, 2012.


                                    s/ Samuel H. Mays, Jr._____
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE